R. A. MOTHERAL *v.* S. MOTHERAL ET AL.

Lands and Conveyances—Joint Owners.

The preponderance of evidence as to a purchase of lands by joint owners, though the deed be taken in the name of one, held to be sufficient to adjudge against an estate a reconveyance of one half to the surviving brother.

APPEAL FROM GRAVES CIRCUT COURT.

October 16, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Prior to the adoption of the Revised Statutes, Wade conveyed a fraction less than a quarter section of land in Graves county to J. F. Motheral, and Wortham conveyed a half quarter section in the same county to him, the consideration for the first named tract was $150, and of the other $100, as recited in the deeds.

The grantee in said deeds died in the fall of 1862, intestate, and this action was instituted by Robert A. Motheral, his brother, in May, 1863, against his widow and heirs, alleging that he paid one-half the purchase money for said tract of land to the vendors; that he was a joint purchaser with his brother to whom the conveyances were made, that a trust resulted to him for so much as he paid for; and seeks by his action to have a conveyance made to him therefor.

He filed as evidence of his claim with an amended petition a writing executed by the intestate in the following language:

"I have the west half of the *Waid* land, Robert the east half, Robert has the north half of the Wortham land, and I the south half.    Feb. the 25th, 1852.

"J. F. MOTHERAL."

In addition to that evidence, it is proved that a large portion of the price paid for the land was borrowed of Mrs. Cook, that James F. and appellant executed their joint note to her therefor, and there is evidence that appellant paid one-half threof; that he paid a mare also towards the price, and that his brother owed him on the exchange of horses $25.

Quisenberry, who purchased the half of the Wade land, which

decedent claimed, and wished to buy the whole tract; and decedent informed him he could not sell it to him, as he had received a letter from appellant, who was then in Missouri, informing him he was not pleased there, and intended to return, and did not wish to sell his part of the land, and when he went to get his title bond for the west half of said quarter section he met with appellant at James F. Motheral, and he remarked to him, "there is the man, alluding to Robert," from whom he could buy the east half; and that James F. Motheral told him that his brother and himself had agreed upon a dividing line between them, and showed him the line, telling him at the same time, that they had not made the fence between them on that line because timber was scarce, and it was too far off to haul it.

Other witnesses prove that they have divided the land, each one occupying on his own side of the conventional line, and it is also in evidence that appellant listed the part of said land claimed by him with the assessor for taxation, and paid the taxes on it during the life of his brother, and afterwards.

Appellant's claim is further fortified by other facts proved, but as a recital of all of them would extend this opinion to an unnecessary length, a passing notice of some of the most prominent of them must sacrifice.

These brothers were partners in trading before this purchase, and as their father proves went together to purchase the land of Wortham, and purchased it, and divided it. One witness proved that after decedent sold, he said he did not know, that he would have left the barrens if he had owned all the land, and Wortham proved he sold the land he owned to them jointly.

There is some evidence on the other side slightly conflicting, but when all the evidence is considered, there cannot be a rational doubt that these brothers purchased both these tracts jointly, and for some reason unexplained, the conveyances were made to James F. Motheral, and that he held one half the land for appellant, who paid certainly a portion, if not a full half, of the purchase money, and is entitled to a conveyance to the one-half of both parcels of land conveyed to James F. Motheral, the one by Wade, and the other by Wortham.

Wherefore, the judgment is reversed, and the cause remanded, with directions to order a conveyance of the land to appellant according to the partition of them, made by the parties; but as it

is not very certainly shown that the full half of the purchase price of the land has been paid by appellant, the case should be referred to the master to ascertain and report how the accounts of payments stand, and if any of the purchase money is due from appellant to the representatives of James F. Motheral, deceased, he should be adjudged to pay the same, and for which they should have a lien on the land.

*Anderson, for appellant.*